MICHELLE VISSER (STATE BAR NO. 277509)
mvisser@orrick.com
ARAVIND SWAMINATHAN (*pro hac vice forthcoming*)
aswaminathan@orrick.com
REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendants
BLOCK, INC. and CASH APP INVESTING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA GORDON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC., and CASH APP INVESTING, LLC,<br><br>Defendants. | Case No. 4:22-cv-06787-YGR<br><br>**ADMINISTRATIVE MOTION TO ENLARGE TIME PURSUANT TO LOCAL CIVIL RULE 6-3**<br><br>Judge:    Hon. Yvonne Gonzales Rogers<br><br>Date Action Filed: November 2, 2022 |

## I. BACKGROUND

On August 23, 2022, Plaintiffs Michelle Salinas and Raymel Washington filed a Class Action Complaint asserting claims against both Block, Inc. ("Block") and Cash App Investing, LLC ("CAI") relating to a December 2021 data security event affecting certain customers of CAI. Case No. 22-cv-04823, ECF No. 1, ¶ 1.  On November 2, 2022, Plaintiff Gordon filed a separate complaint that centers around the same December 2021 data security event involving CAI.  Case No. 22-cv-06787, ECF No. 1, ¶ 4.  Like Salinas and Washington, Plaintiff Gordon alleges that her personally identifiable information ("PII") was compromised in the event and brings claims against both Block and CAI.  *Id.* at ¶ 14.  Also like Plaintiffs Salinas and Washington, Plaintiff Gordon asserts that Defendants failed to implement reasonable measures to safeguard her PII, *id.* at ¶¶ 4, 40–54, that Defendants made misrepresentations regarding the steps they took to protect her PII, *id.* at ¶¶ 8, 27–28, 124–26, and that she has been damaged as a result, *id.* at ¶¶ 14–15, 65.[1]

Because of the similarities between the complaints, Defendants filed an Administrative Motion To Consider Whether Cases Should Be Related Pursuant to Local Rule 3-12 and 7-11.  Case No. 22-cv-04823, ECF No. 35.  If that motion is granted, then this action will be transferred to Judge Jacqueline Scott Corley.  In the event that Judge Corley does not consolidate the actions *sua sponte*, Defendants will then move for consolidation.

CAI's deadline to answer or otherwise respond to the *Gordon* complaint is currently November 28, 2022 and Block's deadline to answer or otherwise respond to the *Gordon* complaint is currently December 5, 2022.  Defendants therefore move pursuant to Civil Local Rule 6-3 that this Court enlarge the time to respond to February 3, 2023 to enable relation and consolidation to be resolved before Defendants must respond to these two overlapping and duplicative complaints.

## II. ARGUMENT

The brief extension of the time to respond will cause no prejudice to Plaintiffs, and is merited because it will allow the relation and consolidation process to play out before a response is

---

[1] Defendants do not concede that any of the allegations discussed herein are accurate or sufficient to state a claim.

- 1 -

ADMINISTRATIVE MOTION TO
ENLARGE TIME
4:22-cv-06787-YGR

required, saving both Defendants and the Court from potentially duplicative efforts if the two cases were, instead, allowed to run in parallel.  An extension is thus justified while Defendants' motions to have this action related to and consolidated into *Salinas* are resolved by Judge Corley.

*First*, Plaintiff Gordon will suffer no harm if Defendants receive the approximately 60-day extension being requested.[2]  *See In re General Motors LLC CP4 Fuel Pump Litig.*, Case No. 18-cv-07054-JST, 2019 WL 7821307, at *1 (N.D. Cal. Sept. 26, 2019) (Tigar, J.) (finding potential prejudice to plaintiff from stay pending decision by JPML "minimal" where "the JPML's decision [was] likely to be issued shortly" and discovery had not yet begun).  "Delay alone is typically insufficient where there is no showing of irreparable damage or injury." *Johnson v. Starbucks Corp.*, Case No. 18-cv-06842-KAW, 2019 WL 3220273, at 2 (N.D. Cal. July 17, 2019) (Westmore, Mag. J.).

*Second*, Defendants will be harmed if they need to make duplicative litigation efforts in two closely related litigations, including moving to dismiss two complaints asserting many of the same factual allegations and the same causes of action.  A brief extension of the deadline to respond will protect Defendants from that duplicative motion practice.[3]

The two complaints closely parallel one another.  Plaintiffs Salinas and Washington allege that their PII was compromised in the event, Case No. 22-cv-04823, ECF No. 1, ¶ 5, that Defendants failed to implement reasonable measures to safeguard their PII, *id.* at ¶¶ 31–32, 36–50, that Defendants made misrepresentations regarding the steps they took to protect PII, *id.* at ¶¶ 33-35, 194, 205, 215, and that they have been injured as a result, *id.* at ¶¶ 70–91.[4]  Plaintiff Gordon

---

[2] The requested enlargement of time will extend CAI's deadline by 67 days and Block's deadline by 60 days.

[3] These same considerations also form part of the basis of Defendants' motion seeking relation of the cases under Local Civil Rule 3-12, which asks whether two cases "concern substantially the same parties . . . or event" and if "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a); *see also* Defs.' Admin. Mot., Case No. 22-cv-04823, ECF No. 35.

[4] Defendants do not concede that any of the allegations discussed herein are accurate or sufficient to state a claim.

similarly alleges that her PII was compromised in the event and similarly brings claims against both Block and CAI. Case No. 22-cv-06787, ECF No. 1, ¶ 14. Like Plaintiffs Salinas and Washington, Plaintiff Gordon also asserts that Defendants failed to implement reasonable measures to safeguard her PII, *id.* at ¶¶ 4, 40–54, that Defendants made misrepresentations regarding the steps they took to protect her PII, *id.* at ¶¶ 8, 27–28, 124–26, and that she has been damaged as a result, *id.* at ¶¶ 14–15, 65.

Plaintiffs Salinas and Washington assert claims on behalf of a nationwide class of individuals "whose Private Information was compromised because of the Data Breach," as well as California, Illinois, and Texas subclasses, Case No. 22-cv-04823, ECF No. 1, ¶ 94, and assert eleven causes of action: negligence, breach of contract and of the covenant of good faith and fair dealing, breach of implied contract, unjust enrichment, violation of the California Unfair Competition Law (UCL), violation of the California Consumer Records Act, and state law claims under Illinois and Texas statutes and seeks declaratory and injunctive relief. Case No. 22-cv-04823, ECF No. 1. Plaintiff Gordon seeks to represent a nationwide class of "current or former customers . . . who have had their PII compromised as a result of Defendants' negligent security . . .," as well as a Texas subclass. Case No. 22-cv-06787, ECF No. 1, ¶ 70. The only particular compromise of PII Plaintiff Gordon alleges in her complaint is the December 2021 data security event. *See id.* at ¶ 14 ("Following Defendants' negligence which resulted in her PII being accessed and/or stolen during the 2021 Data Breach, Plaintiff . . . ."); ¶¶ 35–41 ("Defendants' Inadequate Data Security Causes 2021 Data Breach"); ¶ 59 ("The Data Breach was a direct and proximate result of Defendants'" alleged negligence.)' ¶ 69 (discussing alleged delay in notification of data security event); ¶ 74e (identifying as common issue for putative class "[w]hether Plaintiff and the Class are at increased risk for identity theft because of the Data Breach"). Plaintiff Gordon asserts six of the eleven causes of action that appear in the *Salinas* Complaint and adds related claims for violation of the California Consumer Legal Remedies Act, fraud by omission, deceit by concealment, negligent misrepresentation, breach of confidence, and invasion of privacy. Case No. 22-cv-06787, ECF No. 1.

As a result of the marked similarity in the claims – six of which exist in both complaints – having Defendants respond to both complaints separately would cause unnecessarily burdensome and duplicative work for the parties and create judicial inefficiency.  Given that more than half of the causes of action appear in both complaints, there will likely be substantially similar motions to dismiss filed in both cases, which would then be mooted in the event that the cases are consolidated and a new consolidated complaint is filed to which Defendants will need to respond.

*Third*, the interest of judicial efficiency will be served by an extension to permit the simplification of the litigation by combining two cases into one.  If the cases are related and consolidated, **one judge** in the District will hear **one motion to dismiss**.  *Cf. General Motors LLC CP4 Fuel Pump Litig.*, 2019 WL 7821307, at *1 ("staying an action pending a final decision as to whether it should be transferred to an MDL promotes judicial economy").  Indeed, if the cases are related and consolidated, *this Court* will have no further need for involvement in the litigation at all.

### III.   CONCLUSION

Defendants respectfully request that the Court extend the deadline for Defendants to answer or otherwise respond to the complaint to February 3, 2023.

Dated: November 28, 2022

MICHELLE VISSER
ARAVIND SWAMINATHAN
REBECCA HARLOW
THOMAS FU
Orrick, Herrington & Sutcliffe LLP


By: _____*/s/ Michelle Visser*_____
MICHELLE VISSER
Attorneys for Defendants
BLOCK, INC. and CASH APP
INVESTING, LLC

- 4 -

ADMINISTRATIVE MOTION TO
ENLARGE TIME
4:22-CV-06787-YGR