Robert S. Green (State Bar No. 136183)
James Robert Noblin (State Bar No. 114442)
Emrah M. Sumer (State Bar No. 329181)
**GREEN & NOBLIN, P.C.**
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel,com

William B. Federman (admitted pro hac vice)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: wbf@federmanlaw.com

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA GORDON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC. and CASH APP INVESTING, LLC,<br><br>Defendants. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**<br><br>Case No.: 3:22-cv-06787-JSC<br><br>Date: Jan. 19, 2023<br>Time: 9:00 a.m.<br>Courtroom: 8<br>Judge: Honorable Jacqueline Scott Corley |
| MICHELLE SALINAS and RAYMEL WASHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCK, INC. and CASH APP INVESTING, LLC,<br><br>Defendants. | Case No. 3:22-cv-04823-JSC |

COMES NOW, Plaintiff Amanda Gordon ("Plaintiff" or "Plaintiff Gordon") and submits the following response in opposition to Defendants' Motion to Consolidate (ECF No. 22) (the "Motion"), filed by Defendants Block, Inc. and Cash App Investing, LLC (collectively, "Defendants"), and shows the Court as follows:

## I.   GENERAL STATEMENT

The parties met in good faith to discuss the issues addressed in the Motion but do not agree on the structure for these disparate cases. Although Plaintiff Gordon's Complaint mentions the data breach experienced by Defendants in 2021 (the "Data Breach"), the Data Breach is discussed in Plaintiff Gordon's Complaint as mere background information and is not the focus of Plaintiff's allegations or claims for relief. CashApp's (the "App") deficiencies may have been amplified by the Data Breach, but the negligent design and implementation/deficiencies of the App took place prior to the Data Breach. The problems and deficiencies with the App pre-date the Data Breach. The focus of the allegations and discovery in this case will also pre-date the Data Breach, involving documents and witnesses that have nothing to do with the Data Breach. The parties can coordinate any overlapping discovery without substantively consolidating the cases.

Plaintiff Gordon acknowledges there is an unrelated class action lawsuit filed against Defendants (the "*Salinas* Action"). *See Salinas, et al. v. Block, Inc., et al.*, No. 22-cv-04823-JSC (N.D. Cal.). The *Salinas* Action focuses solely on the Data Breach. *Id.* It does not address, delve into, nor mention the negligent/faulty design of the App. While the lawsuits may bear vague similarities, Plaintiff Gordon's causes of action are not dependent on nor structured around the Data Breach. They are structured around, and focus upon, the App's deficiencies and negligent design. Indeed, the lawsuits do not encompass the same class. The *Salinas* Action's class definition is far narrower than Plaintiff Gordon's. Thus, the actions cannot be consolidated

efficiently and not without prejudice to the Plaintiffs, who are allowed to structure their allegations to benefit each of their proposed classes.

Accordingly, consolidation is not merited here. As discussed below, Defendants have not established that there are adequate common questions of fact or law meriting consolidation; this alone justifies denying Defendants' motion to consolidate. Moreover, the potential for jury confusion and impairment of judicial economy strongly weighs against consolidation.

## II.   FACTUAL BACKGROUND

On November 2, 2022, Plaintiff Gordon filed a Class Action Complaint (the "Complaint") against Defendants. The focus of the Complaint and gravamen of the allegations is Defendants' deficient mobile application, CashApp. *See* Pl.'s Class Action Compl. "Compl.", ECF No. 1. In the Complaint, Plaintiff alleges Defendants were aware of inadequacies in the App, specifically the App's security features prior to the Data Breach. *Id.* ¶ 29. Plaintiff alleges Defendants have been on notice that their App is not designed adequately because Defendants knew from thousands of customer complaints that informed Defendants of fraudulent transfers that occurred well-before the Data Breach. *Id.* ¶¶ 30, 32. Defendants also received multiple customer reviews complaining of fraud and scams due to the App's deficient security features. *Id.* ¶ 33. Defendants were well-aware the App was negligently designed and suffered from security inadequacies before the Data Breach even occurred but chose to turn a blind eye.

Despite Defendants' knowledge of the App's inadequate design, Defendants failed to share this information with the public or its customers. *Id.* ¶ 34. Defendants omitted essential facts concerning the App's design deficiencies, particularly its lack of security, and the App's known vulnerability to outside hackers. *See id.* ¶¶ 30–33. Indeed, many CashApp users have complained about this exact problem claiming money has disappeared from their accounts. *Id.* Had Defendants disclosed its App was regularly and successfully attacked by outside hackers, which

occurred prior to the Data Breach, Plaintiff and the Class would not have provided their PII to Cash App to open an account. *Id.* ¶ 34. Instead, because Plaintiff and the Class were unaware of the App's deficiencies and inadequate design, they put their PII at risk and continued to use CashApp. *Id.* CashApp profited from this material omission to the detriment of Plaintiff Gordon and the Class she seeks to represent. *Id.*

## III.        LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits consolidation when actions involve common questions of law or fact. "The mere existence of common issues does not mandate consolidation." *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C 93-20843(RMW), 1994 WL 16780779, at *1 (N.D. Cal. Apr. 19, 1994) (internal citation omitted). "A motion to consolidate may be denied if: (1) the common issue is not central to the resolution of the cases; (2) if consolidation will cause delay in the processing of one or more of the individual cases; or (3) if consolidation will lead to confusion or prejudice in the effective management or trial of one or more of the cases." *Sajfr v. BBG Commc'ns, Inc.*, No. 10-CV-2341-H NLS, 2011 WL 765884, at *2 (S.D. Cal. Feb. 25, 2011) (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2383 (1971) (numbering added).

## IV.      ARGUMENT

### A. Plaintiff Gordon's Lawsuit is Not Parallel to the *Salinas* Action, Thus Consolidation is Unwarranted.

Plaintiff Gordon's case is not akin to the *Salinas* Action because the legal claims, class definition, and factual allegations asserted are substantially different

Nearly half of the legal claims Plaintiff alleges in her complaint are not even considered in the *Salinas* Action. Indeed, the *Salinas* complaint does not allege five of the causes of action Plaintiff alleges. Plaintiff uniquely asserts claims for fraud by omission, deceit by concealment,

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE

and negligent misrepresentation, which are focused on deficiencies in the App itself that were known *prior to* the Data Breach. Plaintiff's deceit by concealment claim alone demonstrates the drastic differences between the Actions. Defendants willfully deceived Plaintiff and the Proposed Class by concealing material facts, namely that their App was a regular target of hacking incidents and security issues, which Defendants had a duty to disclose. Compl. ¶¶ 114–21. Because Defendants did not disclose this material fact, they unfairly profited off Plaintiff and the Proposed Class. *Id.* Plaintiff's claims for fraud by omission, deceit by concealment, and negligent misrepresentation may have been exacerbated by the Data Breach, but they do not stem from the Data Breach itself. This is the key distinguishing factor between the lawsuits.

Consequently, because Plaintiff's lawsuit focuses on issues pre-dating the Data Breach, Plaintiff's factual allegations differ from the *Salinas* Action. Plaintiff's factual allegations address prior hacking incidents experienced by CashApp users that Defendants knew or should have known about, because of rampant user complaints. Compl. ¶¶ 29–34. The *Salinas* Action does not address this. A trial, as well as the need for earlier discovery, based on the two distinct complaints will therefore not have the same evidence, focus, or witnesses.

On the contrary, the *Salinas* Action alleges legal claims that accrued *solely* from the occurrence of the single Data Breach. While Plaintiff Gordon alleges some traditional data breach claims, the underlying basis for Plaintiff Gordon's claims is wholly different. The *Salinas* Action would not exist without the occurrence of the Data Breach. Plaintiff Gordon's lawsuit, on the other hand, would survive even without the occurrence of the Data Breach. Thus, while the Complaints may look facially similar to a casual observer, a close inspection reveals they are rooted in different underlying facts, issues and theories, and cover different time frames that will require distinct discovery and development of different facts. One of the most telling issues is that

Plaintiff's lawsuit would exist without the occurrence of the Data Breach. The *Salinas* Action would not.

Additionally, the lawsuits propose different class definitions. The *Salinas* Action encompasses a much narrower subset of individuals – specifically, only those who were impacted by Defendants' Data Breach. Mot. to Consolidate at p. 4. However, Plaintiff Gordon's action encompasses individuals who were affected by Defendants' negligence prior to and after the Data Breach. *Id.* Thus, while there may be individuals who fall under the definition of both classes there will ultimately be individuals who are only members of one of the classes.

The factual and legal issues raised by the two actions are similar only insofar as in both actions the plaintiffs claim they were injured due to the negligence of Defendants. However, the underlying evidence, issues, relevant discovery, time-period, and witnesses between the two actions are distinct. There will be unique issues concerning development and updates to the App that only apply to Plaintiff Gordon's case. Thus, these cases do not warrant consolidation. *See Wright v. United States*, No. C 92-1290 BAC, 1993 WL 313040, at *1 (N.D. Cal. Aug. 6, 1993) (holding consolidation was improper where the two actions were only similar to that extent both plaintiffs claimed they were injured due to the negligence of defendant, but the evidence, witnesses, and venue of the two actions were different); *see also Rosewolf v. Merck & Co.*, No. 22-CV-02072-JSW, 2022 WL 3214439, at *4 (N.D. Cal. Aug. 9, 2022) (court denied consolidation even though there were "legal issues that will overlap" because the court found issues will arise that may be unique to each plaintiff).

**B.  Consolidation Would Impair Judicial Economy and Would Promote Confusion.**

Even if the Court finds that common questions of law or fact exist, consolidation of Plaintiff's action and the *Salinas* Action will undermine the purpose of Federal Rule of Civil Procedure 42 and will create inefficiency and confusion.

As discussed *infra*, because the underlying factual basis of each party's claims differs, consolidation of the actions would not promote judicial economy in a fair and just manner. While both Plaintiffs allege negligence on Defendants' part, that is where the similarities end. The facts, circumstances, witnesses, class definitions and time periods supporting each Plaintiff's claims vary. The *Salinas* Action will focus on the Data Breach, while Plaintiff will focus on events occurring *prior* to the Data Breach. To combine discovery in these two cases would lead to unnecessary confusion of both jurors and witnesses. Indeed, the jury would be required to hear, process, and keep track of separate testimony on nearly twice as many issues. Additionally, consolidation will require the jury to weave back and forth between the two actions, each involving different legal and factual issues, as well as different key players, different supporting evidence, and different claims. *See Snyder v. Nationstar Mortg. LLC*, No. 15-CV-03049-JSC, 2016 WL 3519181, at *3 (N.D. Cal. June 28, 2016) (finding consolidation inappropriate where "[c]onsolidation w[ould] require the jury to weave back and forth between the two actions, each involving … different key players, different factual scenarios and supporting evidence, and different statutory violations"). Therefore, the potential confusion alone outweighs any efficiency that might be achieved through consolidation. *See Applied Materials Inc.*, 1994 WL 16780779, at *2 (court refused to consolidate cases where the likelihood of jury confusion outweighed any efficiency that might have been achieved through consolidation).

In the event discovery does overlap in some respect, these cases are assigned to the same judge – the Honorable Judge Jacqueline Scott Corley – who could issue joint orders or joint hearings to coordinate the cases without the actual need for consolidation. *See Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St., LLC*, No. 15-CV-02286-JCS, 2016 WL 524805, at *13 (N.D. Cal. Feb. 10, 2016) ("Because both the [actions]…are before the undersigned and the two cases have already been related…it does not appear that there is a need to consolidate these

-6-

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE

two cases…"). As such, consolidating the cases for pretrial proceedings or otherwise is neither more efficient nor more effective than simply maintaining the cases on separate, yet similar, litigation tracks.

Additionally, there is no risk of duplicative litigation. The gravamen of each action is different. The *Salinas* Action focuses on the Data Breach, while Plaintiff Gordon's action focuses on a deficient mobile application and events occurring prior to the Data Breach. Substantive consolidation would only lead to a mistrial and appeals. Again, any overlapping discovery can be coordinated between the two cases. Counsel in these cases are familiar with each other and have worked together in several cases. Coordination can accomplish the goal of avoiding any perceived need to avoid duplicative discovery.

Accordingly, the interests of all parties involved would be best served by keeping the actions separate due to the actions bearing more differences than similarities. Consolidation would cause more inefficiency and confusion.

## V.    CONCLUSION

Plaintiff respectfully requests this Court deny Defendants' Motion to Consolidate.

DATED: December 29, 2022                 Respectfully submitted,

                                         By:  */s/ William B. Federman*
                                         William B. Federman*
                                         **FEDERMAN & SHERWOOD**
                                         10205 N. Pennsylvania Ave.
                                         Oklahoma City, OK 73120
                                         Telephone: (405) 235-1560
                                         Facsimile:  (405) 239-2112
                                         Email:  wbf@federmanlaw.com
                                         *Admitted *Pro hac vice*

                                         Robert S. Green (State Bar No. 136183)
                                         James Robert Noblin (State Bar No. 114442)
                                         Emrah M. Sumer (State Bar No. 329181)
                                         GREEN & NOBLIN, P.C.

Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

***Counsel for Plaintiff and the Proposed Class***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 29, 2022, the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and was thereby served on all counsel of record.

*/s/ William B. Federman*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE